IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **VANESSA JONES** | * | |
| **Plaintiff** | * | |
| v. | * | CIVIL CASE NO. JKB-12-2852 |
| **PEPSICO, INC.** | * | |
| **Defendant** | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM

The Defendant has filed a Motion to Dismiss for Failure to State a Claim (ECF No. 7). The *pro se* Plaintiff was warned in a letter from the Clerk that if this motion was granted, it could result in the dismissal of her case. (ECF No. 8). The Plaintiff was invited to file a response to the motion (ECF NO. 8), but did not do so.

The Plaintiff did not allege discrimination based on race, color or age before the Equal Employment Opportunity Commission ("EEOC"), and therefore those contentions are not preserved for consideration here. The Plaintiff has failed to exhaust her administrative remedies with respect to those theories. Moreover, with respect to her claims regarding discrimination based on sex, and hostile environment, the Complaint fails to state a claim as the allegations are insufficient to demonstrate discrimination by a plausibility standard. *Bell Atlantic Corporation v. Twombly,* 550 U.S. 544, 555 (2007). She does not allege that adverse circumstances at work were the consequence of discrimination, nor does she allege that similarly situated employees were treated differently. She has not described conduct or conditions at work that were sufficiently severe or pervasive so as to give rise to the level of a hostile environment. A single allegation that a manager said, "Get that bitch out of the company", is insufficient to successfully plead a hostile environment claim.

Plaintiff also alleges that she was retaliated against in violation of Title VII, but she has not alleged the protected activity in which she was engaged when she was allegedly retaliated against. Plaintiff has not proffered an adverse employment action nor has she suggested a causal connection between protected activity and an adverse action that she suffered.

*Pro se* litigants are generally held to less stringent standards when pleading. However, even *pro se* litigants must plead the basic facts of a valid claim in order to survive a motion to dismiss. This Plaintiff has failed to do so. Accordingly, by accompanying order, this case will be dismissed.

DATED this 16th day of January, 2013.

BY THE COURT:

/s/
James K. Bredar
United States District Judge